18337

Mrs. Patsy WHALEY, Appellant, v. Carl McATEER and Hubert Dixon, of whom Carl McAteer is the Respondent

(141 S. E. (2d) 816)

*Messrs. Williams & Parler,* of Lancaster, *for Appellant,*

*Messrs. Gregory & Gregory,* of Lancaster, *for Respond-ent,*

April 20, 1965.

LEWIS, Justice.

This appeal involves a review of an order of the lower court directing a verdict in favor of the defendant in an action brought by the plaintiff for personal injuries sustained in an automobile collision.

It appears that the pick-up truck of the defendant McAteer and the automobile of the defendant Dixon were involved in a collision on U. S. Highway No. 521, about three miles north of the town of Lancaster, South Carolina, on the night of December 25, 1962. Both vehicles were proceeding south on the highway, the Dixon car following; and the collision occurred when the Dixon car struck the rear of the McAteer vehicle as McAteer was about to make a left turn from the highway into his driveway. After the impact, both vehicles came to rest in the southbound lane of the roadway, the Dixon car a short distance behind and north of that of McAteer. It is inferable that the damage to both vehicles was slight and they could have been operated under their own power. The vehicles were so located in the southbound lane of the roadway after the wreck that the Dixon car was between the McAteer vehicle and a traveller approaching from the north.

Shortly after the collision and before the Dixon and McAteer vehicles were removed from the roadway, the auto-

mobile in which plaintiff was riding came upon the scene, proceeding south (in the same direction in which the Dixon and McAteer automobiles were headed), and struck the Dixon car in the rear knocking it into McAteer's truck. As a result, the plaintiff suffered personal injuries and brought this action against McAteer and Dixon to recover the damages sustained by her. The record contains the statement that Dixon made a payment to the plaintiff under a covenant not to enforce judgment and the action proceeded against the defendant McAteer. He is, therefore, the only defendant involved in this appeal. Upon the trial of the case and at the close of the testimony, the trial judge directed a verdict for the defendant McAteer on the ground that the plaintiff failed to show any actionable negligence on his part. The correctness of the conclusion of the trial judge is the sole issue involved in this appeal.

The complaint alleges negligence on the part of the defendant McAteer in only two particulars, as follows: (1) in that McAteer attempted to make a left turn from the highway without giving proper warning to the Dixon automobile of his intentions, thereby causing the initial collision with Dixon and creating the situation on the highway out of which the subsequent collision of the plaintiff arose; and (2) in that he failed to move his truck off the main travelled portion of the highway after its collision with the Dixon automobile, even though he had ample time to do so and knew, or should have known, that it constituted a hazard to other vehicles travelling along the highway.

As to the first specification of negligence, that is, failure of McAteer to give a proper signal and thereby causing the initial collision, it is conceded that there is a total absence of testimony to sustain it. The second is limited to the failure of the defendant McAteer to move his truck from the highway after the collision. We agree with the trial judge that the only reasonable inference from this record is that, if the McAteer vehicle had been moved off the highway, the wreck would have still happened because the Dixon car, lo-

cated between McAteer and the approaching car in which plaintiff was riding, would have still blocked the right hand or southbound lane causing the collision. In other words the testimony shows that the Dixon car, and not the McAteer truck, was the immediate obstruction to plaintiff's travel.

In view of the absence of testimony to sustain the allegation that the original collision between the defendant McAteer and Dixon was caused by any negligence of McAteer and the failure of the testimony to show that the McAteer vehicle blocked the path of the car in which the plaintiff was riding, we think that the trial judge properly directed a verdict for the defendant.

Affirmed.

TAYLOR, C. J., MOSS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting J., concur.